IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY LANG, )
)
Plaintiff, )
)
v. ) No. 01 C 7910
)
) Judge Robert W. Gettleman
ADVANTA MORTGAGE CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

In his complaint, plaintiff Jeffrey Lang alleges that he entered into a variable rate residential mortgage loan with defendant Advanta Mortgage Corporation ("Advanta Mortgage") at an interest rate above 8% per annum and containing a prepayment penalty provision. This contract, plaintiff alleges, violates the Illinois Interest Act 815 ILCS 205/4(2)(a), which prohibits prepayment penalties in residential loans that are payable with an interest rate above 8%. Defendant has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff. See Travel All Over the World Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423 (7th Cir. 1996). When ruling on a motion to dismiss for failure to state a claim, the court considers, "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would plaintiff's allegations entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss is to test the sufficiency

of complaint not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

Advanta Mortgage asserts in its motion that it is not the proper party because Advanta National Bank, not Advanta Mortgage, contracted with Lang. In support, Advanta Mortgage has supplied the original loan documents, which identify Advanta National Bank as the lender. Because these documents are essential to plaintiff's claim, the court may review them on a motion to dismiss. Venture Assoc. Corp. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993).

In response, plaintiff has provided documents suggesting that even if Advanta National Bank contracted for the mortgage, it thereafter transferred the loan to Advanta Mortgage to "service" the loan.[1] Plaintiff claims that this transfer of the contract establishes that Advanta Mortgage would be liable under the Illinois Interest Act because, as servicer, it would collect all payments, including any prepayment penalties. Advanta Mortgage argues, in the alternative, that assuming plaintiff's assertion of chain of liability is correct, the claim would be preempted by the National Bank Act 12 U.S.C. § 85, which allows national banks to import the laws of their home states regardless of whether they are usurious. Advanta National Bank is a Delaware corporation and, defendant claims, would be allowed to import the laws of Delaware which do not prohibit prepayment penalties in loans with greater than 8% interest.

Due to the fact-intensive nature of the analysis necessary to determine whether Advanta National Bank, as lender, and Advanta Mortgage, as assignee-servicer, can insulate themselves from the requirements of the Illinois Interest Act, plaintiff has asked the court to permit discovery

---

[1] The actual status of Advanta Mortgage and Advanta National Bank is unclear. The note, submitted by defendant, dated October 22, 1999, is between Advanta National Bank and plaintiff. Yet, the settlement statement dated the same day identifies the lender as Advanta Mortgage.

2

on these issues under Fed.R.Civ.P. 56(f), thus converting the instant Rule 12(b)(6) motion to a summary judgment motion. The complaint, however, alleges only a loan contract entered into with Advanta Mortgage, and the evidence provided by both parties establishes that the contract was actually between plaintiff and Advanta National Bank. Because plaintiff's argument that defendant Advanta Mortgage is liable as a servicer is not alleged in the complaint, the court grants defendant's motion to dismiss without prejudice, and grants plaintiff leave to file an amended complaint on or before July 18, 2002. This matter is set for a report on status July 24, 2002 at 9:00 a.m.

**ENTER:**     **JULY 2, 2002**

_____
**Robert W. Gettleman**
**United States District Judge**